## MILLS v. HURLEY HARDWARE & FURNITURE COMPANY.

### Opinion delivered June 11, 1917.

PRINCIPAL AND AGENT—MANAGER OF BUSINESS—AUTHORITY TO CASH CHECK.—Appellant conducted a business in a city other than his residence and placed one G. in charge thereof. G. was authorized to receive orders, to fill the same, and to receive checks in payment, but was not authorized to cash checks; they were to be turned over to appellant. Appellee purchased goods through G. and sent its check to G. in payment. G. cashed the check and appropriated the proceeds. *Held*, appellant could not maintain an action against appellee and recover a second payment.

Appeal from Bradley Circuit Court; *Turner Butler*, Judge; affirmed.

*E. E. Williams,* for appellant.

1. It was error to take the case from the jury. Where there is any substantial evidence to warrant a verdict, it is the duty of the court to submit the issue to the jury. 98 Ark. 334; *Ib.* 370; 105 *Id.* 136; 111 *Id.* 309; 71 *Id.* 445.

2. Gowens had no authority to cash the checks. 199 Ill. 151; 93 Am. St. Rep. 113; 18 L. R. A. 662; 117 Am. St. Rep. 333; 88 U. S. 21. Mere usage or custom contravening the established commercial law can not be proven. 88 U. S. 21.

3. There was no estoppel, for appellant had no knowledge that Gowens had ever endorsed the company's name to checks. 74 Minn. 41; 18 L. R. A. 662; Tiedeman on Com. Paper, § 77; 1 Parsons on Cont. (6 ed.) 62; Mechem on Agency, §§ 389, 392, 398; 1 Daniels on Neg. Inst. (4 ed.) § 292; 1 Am. & Eng. Enc. Law (2 ed.) 1002.

*Fred L. Purcell,* for appellee.

Appellee paid its debt by mailing a check to the proper party. If appellant had any remedy it was against Gowens or the bank. 74 Am. Dec. 442; 61 *Id.* 731. Certainly appellee was not liable. It mailed the check to the proper party in payment and the check was honored. It did its whole duty.

### STATEMENT BY THE COURT.

T. R. Mills was the sole owner of a lime manufacturing plant situated at Batesville, Arkansas, which plant conducted its business under the trade name of Batesville White Lime Company. One A. B. Gowens was in the employ of appellant as superintendent or foreman of the manufacturing at the plant. The main office of the plant was in Little Rock, where appellant resided, and where the records and books were kept. Appellant spent about one-third of the time at his plant. The duty of the foreman and superintendent Gowens

was to employ laborers, manufacture lime, and pay the laborers on pay day.   The appellant sent to meet these pay rolls checks payable to A. B. Gowens, superintendent. It was also within the line of A. B. Gowens' employment to receive the mail at the plant, open letters, and fill orders when in his opinion the purchasers were reliable, and when any checks were received through the mail they were to be forwarded to appellant in Little Rock, where they were deposited for collection.   He appeared to act with reference to the management of the Batesville White Lime Company as its manager.   His authority was not questioned and he acted right along as manager of the property and paymaster for the laborers.

The First National Bank of Batesville had no express authority from appellant to cash checks drawn in the name of the Batesville White Lime Company and presented by A. B. Gowens.

On September 10, 1913, appellee ordered, through letter, from the Batesville White Lime Company, at Batesville, Arkansas, a car load of lime.   The order amounted to $93.60 less freight.   The lime was shipped from the plant by Gowens and received by the appellee. It was sold on thirty days' time.   At the expiration of the time appellant wrote a letter to appellee enclosing a bill for the lime.   Appellee immediately wrote appellant that it had forwarded a check for the amount to the Batesville White Lime Company, Batesville, Arkansas. Upon receipt of this letter appellant wired appellee that the check had miscarried and to stop payment.   Appellee immediately applied to the bank on which the check was drawn to stop payment and was informed that it had been paid the day before.   Appellee, upon inquiry of the First National Bank at Batesville, found out that the check had been indorsed and collected by A. B. Gowens, and that A. B. Gowens was superintendent of the manufacturing plant.   Appellant made further demand upon appellee for payment and appellee refused to pay .   Appellant then instituted this suit against the appellee, and

on a trial the above facts were developed and the court rendered judgment in favor of the appellee, from which this appeal is prosecuted.

WOOD, J., (after stating the facts). The judgment was correct. The transaction as disclosed by the evidence, so far as the appellee was concerned, constituted a payment. Appellee ordered the car load of lime for which appellant sues, from the White Lime Company at Batesville, Arkansas, and sent its check to that company. Appellant's agent and manager at Batesville was authorized to receive orders, to fill the same and to receive checks therefor, although he was not authorized to cash these checks. But appellee could not be held responsible for the dereliction of the agent of appellant whom appellant had clothed with express authority to receive checks. Notwithstanding Gowens had no authority to cash the checks which he was authorized to receive through the mail, he did have express authority to receive these checks. The check was sent to and received by the proper party. That ended appellee's responsibility and constituted payment by the appellee the moment the check was cashed. If Gowens, appellant's agent, in violation of express authority, through misrepresentation and fraud, cashed the check, appellee was in no manner responsible for such dereliction. As to whether Gowens had authority to present and cash the check and appropriate the funds to his own use, were matters wholly between appellant and his agent, Gowens, the First National Bank at Batesville, and the local bank at Warren, on which the check was drawn.

When the appellee sent its check in due course of mail to the party from whom it purchased the lime it had no other duty to perform with reference thereto than to see that there was money on deposit to honor the check when duly presented.

The judgment is therefore affirmed.